### S. H. RANDAHL v. S. A. LINDHOLM.[1]

April 11, 1902.

Nos. 13,010—(54)

**Note—Discharge of Joint Maker.**

Where an action is brought upon a joint promissory note against one of the makers, and it is alleged in the complaint, as provided by G. S. 1894, § 5168, that one or more of the joint makers or debtors had been discharged, and that the note or contract was made with the defendant and the parties so discharged, it is incumbent upon the plaintiff, in order to avoid the effect of a plea in abatement, to support the allegation by proof that at the time of the commencement of the action the party or parties not made defendants had been discharged from their obligation.

[1] Reported in 89 N. W. 1129.

Appeal by plaintiff from a judgment of the district court for Hennepin county, dismissing the action, entered pursuant to the findings and order of Brooks, J.   Affirmed.

*G. A. Petri,* for appellant.

*John W. Arctander,* for respondent.

COLLINS, J.

Action brought against the defendant alone upon three promissory notes alleged in the amended complaint to have been jointly executed and delivered by S. E. Eastlund, L. Johnson, C. W. Freeman, and defendant.   It was further alleged that Eastlund, Johnson, Freeman, and the estate of said Eastlund, deceased, had been discharged from all liability for their proportionate shares of indebtedness upon said notes.   The answer alleged, in abatement, that all the makers of said notes were and are residents of the state of Minnesota, and each within the jurisdiction of the court, except Eastlund, who had deceased.

The court, trying the case without a jury, found that, at the time of the commencement of the action, Johnson and Freeman, and each of them, were residents of Minnesota, and within the jurisdiction of the court; that Eastlund had died; and that neither of these persons had ever been discharged or released from the notes, or from any part or share of their indebtedness thereupon; and it is conceded that this finding was based upon the fact that no attempt was made in the court below to establish the allegation, or to prove that either of said persons had been released or discharged from liability.   The cause is before us on the pleadings, findings of fact, and conclusion of law in favor of defendant.

It is the contention of plaintiff's attorney that no proof of his allegations as to the release or discharge of the persons jointly obligated with defendant was necessary; that the mere allegation was in itself a good and subsisting surrender of any claim against either, operating to release and discharge each; and consequently that it was unnecessary to support the same by evidence.   We cannot concur in this view or construction of the statute under which the plaintiff attempted to bring this action (G. S. 1894, §§ 5167–5169).   Section 5167 provides that a creditor may discharge

86 M.—2

one or more joint obligors or debtors without impairing his right
to recover the residue of his debt against the other obligors or
debtors.   Section 5168 enacts that in all such cases suit may be
brought and maintained against all obligors or debtors not so
discharged, the plaintiff

"Setting forth in the complaint thereof that the contract was
made with the defendants and the party so discharged, and that
such party has been discharged."

This statute ingrafted an exception upon the common-law rule
that, where several persons are jointly bound by a contract, they
must all be sued jointly, in one action, for a breach thereof, and
cannot be sued separately in several actions, and that, if a sep-
arate action is brought, a plea in abatement can be maintained by
the defendant against whom it is brought.   It is necessary, in
order to avoid the operation and effect of this common-law rule,
to comply with the statute as to the allegations to be contained
in the complaint; and it must follow that it is necessary to prove
the allegations.

The plaintiff's right to maintain a separate action depended
upon the fact that the makers of the notes, jointly indebted with
the defendant, had been discharged and released when this action
was brought; and, if this was not the fact, plaintiff could not
enforce, in an action against him only, the collection of this
defendant's proportionate share of the debt.   The rule as to the
proof, arising out of the enactment of the statute, is precisely
the same as if the action had been brought in reliance upon one of
the well-defined exceptions to the common-law rule,—such, for
illustration, as the bankruptcy of one of the joint debtors.   Bank-
ruptcy would have to be alleged in the complaint, and proven
upon the trial, in order to maintain the action.   The well-known
doctrine is applicable, that he who affirms the existence of a
given state of facts must prove it.   This rule of evidence applies
to every fact which is essential to, or necessarily involved in, the
legal proposition upon which plaintiff's right to recover is based.
These statements of the law are so elementary that we need not
cite authorities in support of them.   In this case it was absolutely

necessary for the plaintiff, who alleged that the other debtors had been discharged, to establish this allegation by competent evidence, and this he did not do. The finding of the court to the effect that none of the joint makers or debtors had ever been discharged or released from the notes, or any of them, or from any part or share of the indebtedness was, for the reasons stated, fully justified, and its conclusion of law inevitably followed.

Judgment affirmed.